UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAY 23 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**SEALIFT, INC.**

**Plaintiff,**

**v.**

**REAR ADMIRAL ROBERT REILLY, *et al.*,**

**Defendants.**

**Civ. Action No. 06cv2110 (RJL)**

**MEMORANDUM OPINION**
(May 22, 2007)(#4)

Sealift Incorporated ("Sealift") has sued Rear Admiral Robert Reilly, the commander of the Military Sealift Command ("MSC") and the United States of America alleging violations of the Administrative Procedure Act ("APA"), 5 U.S.C. Section 702, the Cargo Preference Act, 10 U.S.C. Section 2631, and the Suits in Admiralty Act, 46 U.S.C. Section 30901. Currently before the Court is the defendant's motion to transfer this action to the Court of Federal Claims ("COFC"). For the following reasons, the motion is GRANTED.

**BACKGROUND**

In March 2006, MSC sought bids for the time charter of a tanker ship for operations in the Pacific Ocean.[1] Although Sealift was the incumbent contractor, the

[1] A time charter is a service contract in which the contractor is responsible for engaging the crew, maintaining and navigating the ship in accordance with MSC directions.



(N)

contract was ultimately awarded to TransAtlantic Lines LLC ("TAL"). Sealift subsequently filed a bid protest with the Government Accountability Office ("GAO") arguing that TAL's offer contained several material misrepresentations and, therefore, should have been disqualified. That protest was denied, however, in October 2006. TAL then brought this suit alleging that MSC's failure to disqualify TAL's bid despite its misrepresentations constituted a violation of the APA (Count I), the Cargo Preference Act (Count II), and the Suits in Admiralty Act (Count III).

Defendant has moved to transfer this action pursuant to 28 U.S.C. Section 1631[2], arguing that plaintiff's action is a bid protest and that pursuant to the Tucker Act, as amended by the Administrative Dispute Resolution Act, ("ADRA"), 28 U.S.C. Section 1491(b)(1), the Court of Federal Claims ("COFC") has exclusive jurisdiction. Plaintiff argues in response that although the COFC has jurisdiction to hear most bid protest cases, jurisdiction over disputes relating to maritime disputes is vested exclusively with the District Courts pursuant to the Suits in Admiralty Act ("SIAA"), 46 U.S.C. Section 30901 *et seq.*.

**ANALYSIS**

Under the ADRA, the COFC has jurisdiction to decide actions by an interested party "objecting to a solicitation by a Federal agency for bids or proposals for a proposed

---

[2] Title 28 U.S.C. Section 1631 provides that: "whenever a civil action is filed...and [the] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought."

contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement." 28 U.S.C. § 1491(b)(1). Although jurisdiction to hear such actions was originally shared with the District Courts, a sunset provision was added to the ADRA terminating the federal courts' jurisdiction as of January 1, 2001. Pub.L. No. 104-320, § 12(d); *Emery Worldwide Airlines, Inc. v. U.S.*, 264 F.3d 1071 (Fed. Cir. 2001). According to the Federal Circuit, "it is clear that Congress's intent in enacting the ADRA with the sunset provision was to vest a single judicial tribunal with exclusive jurisdiction to review government contract protest actions." *Emery*, 264 F.3d 1071.

As plaintiff's complaint expressly challenges the MSC's handling of the bid solicitation process[3] it is clearly a government contract protest action and as such falls within the ambit of the ADRA. Although the defendant argues that jurisdiction to decide maritime disputes is vested exclusively with the District Courts, the ADRA and its sunset provision unequivocally vest sole jurisdiction over bid protests with the COFC.[4]

---

[3] Plaintiff alleges that in failing to disqualify TAL's bid, MSC materially altered the solicitation in violation of APA, the Cargo Preference Act and the Suits in Admiralty Act.

[4] It should be noted that in *Transatlantic Lines LLC v United States*, 68 Fed.Cl. 48 (Crt. Fed. Cl. 2005) the COFC opted to hear a maritime bid protest case (although without expressly addressing the issue of jurisdiction).

Accordingly, this Court is without jurisdiction to decide plaintiff's case. As a result, defendant's motion to transfer is GRANTED.

RICHARD J. LEON
United States District Judge